ALERS ET AL., PLAINTIFFS AND APPELLANTS, *v.* AMERICAN RAILROAD COMPANY OF PORTO RICO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action for Damages.

No. 1435.—Decided July 13, 1916.

NATURAL MARRIAGE.—In order that a man and a woman may claim the rights arising from a status of natural marriage, it is not sufficient that they possess the requirements necessary for the existence of the natural marriage, but it is also indispensable that such status of natural marriage shall have been adjudged by a district court in the proceeding prescribed by law.

ID.—ACTION FOR DAMAGES.—In an action brought by a man and a woman for damages for the death of their child, based on a status of natural marriage, the complaint is insufficient unless it alleges that a district court had ad-

judged such status in the proper proceeding, although the plaintiffs possessed all the legal requirements and the capacity to contract such marriage at the time of the birth of the child; for in said action for damages the status of natural marriage cannot be proved or adjudged.

The facts are stated in the opinion.

*Messrs. Horton & Arroyo* and *M. Romany* for the appellants.

*Mr. F. G. Pérez Almiroty* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In this action the plaintiffs allege that from 1894 until 1907 they lived together under the same roof publicly and notoriously as husband and wife by natural marriage, possessing at the time the legal requisites and necessary capacity to contract marriage in accordance with the laws then in force and being considered as husband and wife for all business purposes; that during that time, or on February 24, 1904, a son was born to them, and that although some time thereafter the wife undertook to have such natural marriage recorded in the civil registry, she was prevented from doing so by circumstances beyond her control. It is alleged also that the said child is the legitimate son of the plaintiffs as a consequence of their natural marriage, and the complaint prays that the defendant corporation indemnify them for his death caused by its negligence.

A demurrer by the defendant on the ground that the complaint did not allege facts constituting a cause of action was sustained by the District Court of Mayagüez, it holding that in order that a natural marriage may be considered a lawful marriage it is indispensable that such marriage be recorded in the civil registry by virtue of an order of a district court entered in a proceeding brought for that purpose, which order shall set forth that such natural marriage exists according to the Act of March 12, 1903, defining natural marriages and providing a procedure for legitimizing and registering such unions. The court found that that requirement had not been complied with by the plaintiffs, for which reason it could not

be held that the natural marriage defined by the said act existed between them.

Judgment was entered dismissing the complaint on that ground and the plaintiffs appealed, the only question before this court being whether the trial court erred in so dismissing the action.

The act cited, which was in force from October 1, 1903, until it was totally repealed in 1906, devotes its first two sections to determining when a man and a woman who have not been married may be considered as living in natural marriage and the child or children born to them during such natural marriage may be deemed legitimate. The remaining sections of the act provide for the proceeding in which the existence of such natural marriage may be decreed and its record entered in the civil registry.

Are the prosecution of that proceeding and its decision in favor of the persons who have lived in the manner described indispensable requisites to the exercise of the rights derived from the existence of a natural marriage? That is the only question before this court.

As the statute provides a specific proceeding for obtaining the declaration of a right, the parties cannot discard that proceeding and adopt another.

The first two sections of the act referred to provide for the declaration of a right and the other sections specify the manner in which such right may be declared; therefore, we understand that the declaration of the right can be secured only by following that procedure. In order that a man and a woman may claim the rights arising from a status of natural marriage, it is not sufficient that they possess the requisites necessary for the existence of the natural marriage, but it is indispensable besides that such status of natural marriage shall have been adjudged by the district court upon which the act confers jurisdiction therefor. If the allegations of the complaint were sufficient without the necessity

of the determination of the status of natural marriage by the district court in the proceeding established therefor, then it would be necessary that the plaintiffs prove the status of natural marriage and obtain a determination thereof in this action for damages, and it would follow that the allegations would be good in a municipal court in an action for less than $500, but in that case the court would have to adjudge the existence of the natural marriage without having jurisdiction therefor. This would be contrary to law and would do away with the proceeding expressly established by the statute for obtaining that result.

The proceeding prescribed by the act is not solely for obtaining the registration of the natural marriage as a means of proving it, but its principal object is the determination of the existence of the natural marriage, and the order for its registration is the consequence of such decree; hence we see that in all the sections of the act the registration is subordinate to the decree. The fact that section 3 of the act does not oblige persons thus living together to prosecute the proceeding, but leaves it to their own volition, does not lessen the force of the foregoing reasonings; for, it being a right allowed them, they are left at liberty to exercise it or not and the sanction of their not doing so is that they cannot claim the rights derived therefrom. It is true that section 1 of the act provides that persons who live together in the manner described therein shall be considered as lawfully married and that any subsequent marriage by either of them shall be bigamous and punishable as such in accordance with the provisions of the Penal Code, but we understand that this must be dependent upon the fact that such marriage has been decreed in the proceeding established by the act.

For the foregoing reasons the judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Hutchison dissented.